UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENNETH WILLIAMS,

                  Plaintiffs,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE JEFFREY AUST (shield
#6503), POLICE OFFICERS "JOHN DOE and JANE DOE
1-10" said names being fictitious and presently unknown,
persons intended being police officers, sergeants,
detectives and personnel of THE CITY OF NEW YORK
and/or NEW YORK CITY POLICE DEPARTMENT,
RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE,
"JOHN ROE" and "MARY ROE 1-10", said names being
fictitious and presently unknown, persons intended being
assistant district attorneys and/or personnel of the
RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE,
THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS, "JAMES DOE and MARY DOE 1-10",
said names being fictitious and presently unknown,
persons intended being corrections officers and/or
personnel of THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS,

                  Defendants.

-------------------------------------------------------------------X

**VERIFIED COMPLAINT
and JURY DEMAND**

      Plaintiff, by his attorneys, WEITZPASCALE, and ROBERT P. SHARRON &

ASSOCIATES, P.C., co-counsel, as and for a Complaint herein, respectfully sets forth and

alleges:

      1.   That Jurisdiction is founded upon the existence of a Federal Question.

      2. This Court has jurisdiction over this action under the provisions of 28 U.S.C.,

Section 1331, 1341 and 1343.

3. That this action is authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

4. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00.

5. That by reason of the foregoing, this Court has jurisdiction over this matter.

6. That the plaintiff is a Citizen of the United States and is a resident of the County of Richmond, City and State of New York.

7. Venue is proper under 28 U.S.C. Section 1391(e)(2) because the events giving rise to the with claims occurred in this judicial district.

8. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiffs by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983, 1985, 1986 and 1988), the Civil Rights Act, and arising under the law and statutes of the State of New York.

9. Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as officers of said City and State.

## AS AND FOR A FIRST CAUSE OF ACTION:

10. That at all times relevant hereto, the defendant THE CITY OF NEW YORK was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

11.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK was a corporation doing  business in the State of New York.

12.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK operated a police department as part of and in conjunction with its municipal function.

13.   That at all times relevant hereto, the defendant THE CITY OF NEW YORK maintained said police department.

14.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK managed said police department.

15.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK controlled said police department.

16.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK, its servants, agents and/or employees employed police officers, sergeants, detectives, and other personnel, to work as representatives of THE CITY OF NEW YORK.

17.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK employed a police officer known as DETECTIVE JEFFREY AUST (shield #6503) to work as a representative of THE CITY OF NEW YORK.

18. That at all times relevant hereto, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the

Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of said defendant police officer DETECTIVE JEFFREY AUST (shield #6503) conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

19.  That at all times relevant hereto, the defendant THE CITY OF NEW YORK, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that said defendant police officer DETECTIVE JEFFREY AUST (shield #6503) conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

20.  That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) was assigned to the 120th Police Precinct, located in the County of Richmond, City and State of New York.

21.  That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) was a servant, agent, employee and/or representative of the defendant THE CITY OF NEW YORK.

22. That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) as a police officer of THE CITY OF NEW YORK, had the duty to ensure that his actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

23.  That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) as a police officer of THE CITY OF NEW YORK, had the duty to conduct

himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

24.   That at all times relevant hereto, the defendant THE CITY OF NEW YORK employed a police officer and/or officers named herein as Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department to work as representatives of THE CITY OF NEW YORK.

25.   That at all times relevant hereto, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of said defendant police officer and/or officers named herein as Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

26.   That at all times relevant hereto, the defendant THE CITY OF NEW YORK, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that said defendant police officer and/or officers named herein as Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the

plaintiff herein.

27.  That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department, were assigned to the 120th Police Precinct, located in the County of Richmond, City and State of New York.

28.  That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department were servants, agents, employees and/or representatives of the defendant THE CITY OF NEW YORK.

29. That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department had the duty to ensure that their actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

30.  That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

31. That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

32.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT was a corporation doing  business in the State of New York.

33.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT operated a police department as part of and in conjunction with its municipal function.

34.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT maintained said police department.

35.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT managed said police department.

36.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT controlled said police department.

37.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT, its servants, agents and/or employees employed police officers, sergeants, detectives, and other personnel, to work as representatives of THE NEW YORK CITY POLICE DEPARTMENT.

38.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT employed a police officer known as DETECTIVE JEFFREY AUST (shield #6503)  to work as a representative of THE NEW YORK CITY POLICE DEPARTMENT.

39.   That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of said defendant police officer DETECTIVE JEFFREY AUST (shield

#6503) conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

40.  That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that said defendant police officer DETECTIVE JEFFREY AUST (shield #6503) conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

41.  That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) was assigned to the 120th Police Precinct, located in the County of Richmond, City and State of New York.

42.  That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) was a servant, agent, employee and/or representative of the defendant THE NEW YORK CITY POLICE DEPARTMENT.

43. That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) as a police officer of THE NEW YORK CITY POLICE DEPARTMENT, had the duty to ensure that his actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

44.  That at all times relevant hereto, the defendant DETECTIVE JEFFREY AUST (shield #6503) as a police officer of THE NEW YORK CITY POLICE DEPARTMENT, had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

45. That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT employed a police officer and/or officers named herein as Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department to work as representatives of THE NEW YORK CITY POLICE DEPARTMENT.

46. That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of said defendant police officer and/or officers named herein as Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

47. That at all times relevant hereto, the defendant THE NEW YORK CITY POLICE DEPARTMENT, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that said defendant police officer and/or officers named herein as Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

48. That at all times relevant hereto, the defendants Police Officers "JOHN DOE and

JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department, were assigned to the 120th Police Precinct, located in the County of Richmond, City and State of New York.

49.  That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department were servants, agents, employees and/or representatives of the defendant THE NEW YORK CITY POLICE DEPARTMENT.

50. That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department had the duty to ensure that their actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

51.  That at all times relevant hereto, the defendants Police Officers "JOHN DOE and JANE DOE 1-10", said names being fictitious and unknown, persons intended being police officers and personnel of the New York City Police Department had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

52.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

53.  That at all times herein mentioned, the defendant THE NEW YORK CITY

DEPARTMENT OF CORRECTIONS was a corporation doing business in the State of New York.

54.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS operated a department of corrections and correctional facility known as Rikers Island Correctional Facility as part of and in conjunction with its municipal function.

55.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS maintained said department of corrections and correctional facility known as Rikers Island Correctional Facility.

56.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS managed said department of corrections and correctional facility known as Rikers Island Correctional Facility.

57.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS controlled said department of corrections and correctional facility known as Rikers Island Correctional Facility.

58.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, its servants, agents and/or employees employed corrections officers, case workers, administrators and other personnel, to work as representatives of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS.

59.  That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS employed corrections officers, case workers, administrators and/or personnel named herein as "JAMES DOE and MARY DOE 1-10",

said names being fictitious and presently unknown, to work as representatives of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS.

60.   That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS had the duty to ensure that the actions, activities and behavior of its said servants, agents, corrections officers, case workers, administrators, servants, agents and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

61.   That at all times herein mentioned, the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, had the duty to ensure that its said servants, agents, corrections officers, case workers, administrators and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

62.   That at all times herein mentioned, the defendants "JAMES DOE and MARY DOE 1-10"", said names being fictitious and presently unknown, are intended herein as being corrections officers, case workers, administrators, servants, agents, employees and/or representatives of the defendant THE NEW YORK CITY DEPARTMENT OF CORRECTIONS.

63.   That at all times herein mentioned, the defendants "JAMES DOE and MARY DOE 1-10"", said names being fictitious and presently unknown, had the duty to ensure that their actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

64.   That at all times herein mentioned, the defendants "JAMES DOE and MARY

DOE 1-10"", said names being fictitious and presently unknown, had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

65.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

66.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE was a corporation doing business in the State of New York.

67.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE operated a district attorney's office as part of and in conjunction with its municipal function.

68.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE maintained said district attorney's office.

69.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE managed said district attorney's office.

70.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE controlled said district attorney's office.

71.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE, its servants, agents and/or employees employed a district attorney, assistant district attorneys, investigators and other personnel, to work as representatives of RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE.

72.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE employed a district attorney, assistant district attorneys, investigators and/or personnel named herein as "JOHN ROE and MARY ROE 1-10", said names being fictitious and presently unknown, to work as representatives of RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE.

73.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE had the duty to ensure that the actions, activities and behavior of its said servants, agents, district attorney, assistant district attorneys, investigators and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

74.   That at all times herein mentioned, the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE, had the duty to ensure that its said servants, agents, district attorney, assistant district attorneys, investigators and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

75.   That at all times herein mentioned, the defendants "JOHN ROE and MARY ROE 1-10", said names being fictitious and presently unknown, are intended herein as being the district attorney, assistant district attorneys, investigators, servants, agents, employees and/or representatives of the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE.

76.  That at all times herein mentioned, the defendants "JOHN ROE and MARY ROE 1-10", said names being fictitious and presently unknown, had the duty to ensure that their

actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

77.   That at all times herein mentioned, the defendants "JOHN ROE and MARY ROE 1-10", said names being fictitious and presently unknown, had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

78.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was present in the vicinity of Richmond County.

79.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was lawfully and peacefully present in Richmond County.

80.  That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was lawfully and peacefully present in Richmond County, during the occasion of a family funeral.

81.   That on the 3rd day of July, 2013, a certain police officer and/or officers of the police department of the defendant THE CITY OF NEW YORK were present in Richmond County.

82.   That on the 3rd day of July, 2013, a certain police officer and/or officers of the police department of the defendant NEW YORK CITY POLICE DEPARTMENT were present in Richmond County.

83.   That on the 3rd day of July, 2013, said police officer DETECTIVE JEFFREY AUST (shield #6503) was present in Richmond County.

84.   That on the 3rd day of July, 2013, said police officer DETECTIVE JEFFREY AUST

(shield #6503) was present in Richmond County in the course and scope of his employment as a police officer.

85.   That on the 3rd day of July, 2013, said police officers known as POLICE OFFICERS "JOHN DOE and JANE DOE 1-10", said names being fictitious and presently unknown, of the New York City Police Department were present in Richmond County.

86.   That on the 3rd day of July, 2013, said police officers known as POLICE OFFICERS "JOHN DOE and JANE DOE 1-10", said names being fictitious and presently unknown, of the New York City Police Department were present in Richmond County, in the course and scope of their employment as police officers.

87.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested while he was present in Richmond County.

88.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by the defendant THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, while he was present in Richmond County.

89.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by the defendant THE NEW YORK CITY POLICE DEPARTMENT, its servants, agents, police officers, detectives and/or employees, while he was present in Richmond County.

90.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by the defendant police officer DETECTIVE JEFFREY AUST (shield #6503).

91.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by the defendant police officers known as POLICE OFFICERS "JOHN DOE and JANE DOE 1-10", said names being fictitious and presently unknown.

92.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE, its servants, agents, district attorney, assistant district attorneys, and/or employees.

93.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by the defendants "JOHN ROE and DONNA ROE", said names being fictitious and presently unknown.

94.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was carelessly, negligently, wantonly, intentionally, maliciously, relentlessly, illegally and improperly arrested, caused and/or compelled to be arrested by said district attorney, assistant district attorneys and/or personnel.

95.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by numerous police officers, detectives and/or official personnel during the occurrence of a family funeral, in the presence and viewing of numerous friends and family, in Richmond County.

96.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by a large number of police officers who suddenly and savagely stormed, charged and rushed at the plaintiff, with helmets and vests on and

guns drawn, in the presence of large numbers of friends, family and acquaintenances of the plaintiff, and others.

97.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was arrested and/or caused to be arrested by a large number of police officers who suddenly and savagely stormed, charged and rushed at the plaintiff, with helmets and vests on and guns drawn, violently pulling him from a motor vehicle, slapping and dragging him to the ground, and handcuffing him excessively tightly, with guns pointed directly at him, in the presence of large numbers of friends, family and acquaintenances of the plaintiff, and others.

98.   That on the 3rd day of July, 2013, the plaintiff KENNETH WILLIAMS, was carelessly, negligently, wantonly, intentionally, maliciously, relentlessly, falsely, illegally and improperly arrested by said police officers, detectives, district attorneys, employees and personnel.

99.   That on the 3rd day of July, 2013, and for a period of time subsequent thereto, until May 23, 2014, the plaintiff KENNETH WILLIAMS, was carelessly, negligently, wantonly, intentionally, maliciously, relentlessly, falsely, illegally and improperly arrested, detained, transported and treated as a common criminal, confined, imprisoned, incarcerated, indicted and maliciously prosecuted by the defendants.

100.   That on the 3rd day of July, 2013, the plaintiff was intentionally, illegally, falsely and wrongfully stopped, arrested, searched and seized by said police officers, without proper warrant, probable or just cause or provocation, who falsely accused the plaintiff of crimes of which he was wholly innocent, and detained, imprisoned and

incarcerated the plaintiff for an egregiously long period of time.

101.  That on the 3rd day of July, 2013, the plaintiff was intentionally, illegally, falsely and wrongfully stopped, arrested, searched and seized by said police officers, without proper warrant, probable or just cause or provocation, who falsely accused the plaintiff of crimes of which he was wholly innocent, and detained, imprisoned and incarcerated the plaintiff for an egregiously long period of time.

102.  That on the 3rd day of July, 2013, and continuing thereafter until at least May 23, 2014, the plaintiff was intentionally, illegally, falsely and wrongfully charged with the crime of murdering a dangerous gang member.

103.  That the said police officers were employees of the defendant THE CITY OF NEW YORK, and were acting within the scope of their employment for the said defendant.

104.  That the said police officers were employees of the defendant NEW YORK CITY POLICE DEPARTMENT and were acting within the scope of their employment for the said defendant.

105.  That the said district attorney, assistant district attorneys, investigators and/or personnel were employees of the defendant RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE, and were acting within the scope of their employment for the said defendant.

106.  That the said defendants, by their said police officers, servants, agents and/or employees and personnel, including the defendants named herein, acting within the scope of their employment by the said defendant did illegally stop, search, seize, falsely arrest, detain, inprison, maliciously prosecute and incarcerate the plaintiff without warrant, just

cause or provocation.

107. That the said defendants, by their said police officers, servants, agents and/or employees and personnel, including the defendants named herein, acting within the scope of their employment by the said defendants did carelessly, negligently, intentionally, maliciously and egregiously detain, confine and imprison the plaintiff at various police precincts, holding facilities and Courthouses, in the State of Virginia, and in the State of New York, without a proper warrant, just cause or provocation.

108. That the plaintiff was and remains fully conscious of the false arrest, detention, imprisonment, incarceration, abuse, malicious prosecution and confinement, did not consent to same, and such confinement was not otherwise privileged.

109. That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

110. That heretofore, and on/or about July 24, 2014, and within the period of time prescribed by statute and law, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff, containing the name and post office address of the plaintiff, and plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE CITY OF NEW YORK by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

111. That more than thirty (30) days have elapsed since the aforesaid Notices of Claim were served on the said defendant.

112. That the defendants were negligent and have refused and neglected to adjust, settle and pay the same.

113. That this claim has been commenced and this action has been started within one year and ninety days after the happening of the event upon which the claim is based.

114. That all conditions and requirements precedent to the commencement of this action have been complied with.

115. That oral examination of the plaintiff has been conducted by the defendant on October 9, 2014, in compliance with Section 50-H of the General Municipal Law.

116. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

117. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

118. Pursuant to CPLR Section 1602(2)(iv), the defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of others who caused

or contributed to the plaintiff's damages.

119.  Pursuant to CPLR Section 1602(5), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

120. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

121. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION:

122.  That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

123.  That on the 3rd day of July, 2013, the plaintiff was assaulted and battered by said police officers, sergeants and/or detectives while he was present upon, within and/or in the vicinity of said premises during the occasion of said family funeral located in

Richmond County.

124.   That on the 3rd day of July, 2013, and continuing subsequently thereafter, the plaintiff was wantonly, intentionally, savagely,  maliciously, illegally, repeatedly, relentlessly and brutally illegally assaulted, beaten, struck, grabbed, violently thrown to the ground, attacked, and battered, compelled to strip and undergo a cavity search and drug test against his will, by the defendant police officers and/or personnel herein.

125.   That on the 3rd day of July, 2013, and continuing for an egregiously long period of time thereafter, while injured and/or defenseless, the plaintiff was intentionally, illegally, falsely and wrongfully arrested, forcefully handcuffed excessively tightly, moved, pushed, pulled, shoved, stripped, cavity searched, seized, manipulated and manhandled by said police officers and personnel without proper warrant, probable or just cause or provocation, who falsely accused the plaintiff of crimes of which he was wholly innocent, and detained the plaintiff for an unreasonable period of time thereafter until at least May 23, 2014.

126.   That by reason of the foregoing, the plaintiff was injured.

127.   That the foregoing occurrence and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, abuse of process, excessive use of brutal force, and improper, illegal and wrongful assault and battery on the part of the defendants, their servants, agents, police officers and/or employees, who conspired to and did fail to prevent the violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

128. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION:

129.   That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

130.   That following the arrest of the plaintiff on the 3rd day of July, 2013, the plaintiff was detained, confined, imprisoned and incarcerated at a certain correctional facility known as Rikers Island Correctional Facility within the City and State of New York, by the defendants, their servants, agents and/or employees herein.

131.   That following the arrest of the plaintiff on the 3rd day of July, 2013, the plaintiff was carelessly, negligently, intentionally, maliciously, wantonly, improperly and illegally detained, confined, imprisoned and incarcerated at a certain correctional facility known as Rikers Island Correctional Facility within the City and State of New York, by the defendants, their servants, agents and/or employees herein.

132.   That at all times relevant hereto, it was the duty of the defendants, THE CITY OF NEW YORK and/or THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, their servants, agents and/or employees to maintain their said correctional facility known as Rikers Island Correctional Facility located in the City and State of New York, in reasonably safe and suitable condition and repair.

133.   That at all times relevant hereto, it was the duty of the defendants, THE CITY OF NEW YORK and/or THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, their servants, agents and/or employees to maintain said correctional facility known as Rikers Island Correctional Facility in properly and adequately guarded, protected and supervised condition.

134.   That at all times relevant hereto, it was the duty of the defendants, THE CITY OF NEW YORK and/or THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, their servants, agents and/or employees to provide for the safety, security and protection of persons who were inmates of said correctional facility known as Rikers Island Correctional Facility, including the plaintiff herein.

135.   That at all times relevant hereto, the defendants, THE CITY OF NEW YORK and/or THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, hired, furnished and/or employed certain corrections officers, captains, guards and/or personnel to act as servants, agents and/or employees of the said defendant upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

136.   That at all times relevant hereto, the defendants herein knew or could and should have known that numerous crimes had been and were occurring within the said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

137.   That at all times relevant hereto, the defendants knew or could and should have known that a routine of extraordinary violence by corrections officers, inmates

and/or personnel was frequent and/or customary upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

138.  That at all times relevant hereto, the defendants knew or could and should have known that a routine of extraordinary violence by said defendant corrections officers "JAMES DOE and MARY DOE 1-10", said names being fictitious and unknown, was frequent and/or customary upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

139.  That at all times relevant hereto, it was the duty of the defendants herein, their servants, agents and/or employees to prevent said routine and/or incidents of extraordinary violence by defendant corrections officers and/or personnel upon the premises of said correctional facility known as Rikers Island Correctional Facility.

140.  That commencing on/or about and/or following the arrest of the plaintiff on the 3rd day of July, 2013, and continuing for an egregiously long period of time thereafter, the plaintiff was caused to be injured while present upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated by the defendants herein.

141.  That commencing on/or about and/or following the arrest of the plaintiff on the 3rd day of July, 2013, and continuing for an egregiously long period of time thereafter, the plaintiff was caused to be attacked, assaulted, beaten and battered while he was present upon the premises of said correctional facility known as Rikers Island Correctional Facility.

142. That commencing on/or about and/or following the arrest of the plaintiff on the 3rd day of July, 2013, and continuing for an egregiously long period of time thereafter, the plaintiff was caused to be intentionally, wantonly, maliciously, brutally, violently, savagely, relentlessly and unlawfully attacked, assaulted, beaten, battered, molested, persecuted and abused by defendant corrections officers, inmates and/or personnel upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

143. That commencing on/or about and/or following the arrest of the plaintiff on the 3rd day of July, 2013, and continuing for an egregiously long period of time thereafter, the plaintiff was caused to be intentionally, wantonly, maliciously, brutally, violently, savagely, relentlessly and unlawfully attacked, assaulted, beaten, battered, molested, persecuted and abused by defendant corrections officers "JAMES DOE and MARY DOE 1-10", said names being fictitious and unknown, upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

144. That at all times relevant hereto, the defendants egregiously failed, omitted, neglected and refused to provide for the safety, security and protection of the plaintiff, an inmate of said correctional facility known as Rikers Island Correctional Facility.

145. That at all times relevant hereto, the defendants egregiously failed, omitted, neglected and refused to provide urgently required medical treatment for the injuries sustained by the plaintiff while in the custody of the defendants.

146. That at all times relevant hereto, the defendants failed to prevent the said

custom, routine and/or incidents of extraordinary violence by defendant corrections officers, inmates and/or personnel who were acting within the course and scope of their employment for the defendants herein upon the premises of said correctional facility known as Rikers Island Correctional Facility.

147.  That at all times relevant hereto, the plaintiff has been caused to be seriously, repeatedly and egregiously injured as a result of the carelessness, gross negligence, lack of supervision, excessive, unnecessary and unreasonable use of force and wanton and willful disregard and failure to protect on the part of the defendants, their servants, agents and/or employees upon the premises of said correctional facility known as Rikers Island Correctional Facility whereat the plaintiff was detained, confined, imprisoned and incarcerated.

148.  That by reason of all of the foregoing, the plaintiff was injured.

149.  That the foregoing occurrence, and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, gross negligence, lack of supervision, security, protection, excessive, unnecessary and unreasonable use of force and culpable and wanton acts on the part of the defendants, and without any negligence, cause or provocation on the part of the plaintiff contributing thereto.

150.  That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will

necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

151. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION:

152.   That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

153.   That at all times herein, the plaintiff KENNETH WILLIAMS, was arrested, detained, confined, imprisoned and incarcerated by the defendants, without properly investigating and/or ascertaining whether the plaintiff was guilty of the serious crimes of which he was accused.

154.   That on the 3rd day of July, 2013, and continuing thereafter until at least May 25, 2014, the plaintiff KENNETH WILLIAMS, was arrested, detained, confined, imprisoned, incarcerated and maliciously prosecuted by the defendants, without properly investigating and/or ascertaining that the plaintiff was not guilty of the crimes of which he was accused.

155.   That on the 3rd day of July, 2013, and continuing thereafter until at least May 23, 2014, the plaintiff KENNETH WILLIAMS, was arrested, detained, confined,

imprisoned, incarcerated and maliciously prosecuted by the defendants, without properly investigating and/or ascertaining whether the plaintiff was the person identified in the warrant upon which the plaintiff was arrested.

156.  That on the 3rd day of July, 2013, and continuing thereafter until at least May 23, 2014, the plaintiff KENNETH WILLIAMS, was arrested, detained, confined, imprisoned, incarcerated and maliciously prosecuted by the defendants, without properly investigating and/or ascertaining that the plaintiff was not the person identified in the warrant upon which the plaintiff was arrested.

157.  That on the 3rd day of July, 2013, and continuing thereafter until at least May 23, 2014, the plaintiff KENNETH WILLIAMS, was arrested, detained, confined, imprisoned, incarcerated and maliciously prosecuted by the defendants, without requesting, obtaining and corroborating identifying documents, proof and information regarding the plaintiff.

158.  That on the 3rd day of July, 2013, and continuing thereafter until at least May 23, 2014, the plaintiff KENNETH WILLIAMS, was arrested, detained, confined, imprisoned, incarcerated and maliciously prosecuted by the defendants, despite repeated protestations, documentation and proof that the plaintiff was not the person identified as having committed said crime and was wholly innocent of the charges brought against him.

159.  That as a result of the careless, negligent, wanton and intentional disregard, abuse of process and malice on the part of the defendants, the plaintiff was carelessly, negligently, wantonly, falsely, fraudulently, maliciously and illegally arrested, detained, confined, imprisoned, incarcerated and maliciously prosecuted.

160. That at all times herein mentioned, the defendants carelessly, negligently, intentionally, wantonly, maliciously and/or illegally disregarded and ignored any and all identifying and/or exculpatory evidence, repeated proof and admissions which proved that the plaintiff was not guilty of the charges brought against him.

161. That at all times herein mentioned, the defendants carelessly, negligently, intentionally, wantonly, maliciously and/or illegally disregarded and ignored any and all identifying and/or exculpatory evidence and admissions which proved that the plaintiff was not the person identified as having committed the crimes upon which his arrest was based.

162. That the defendants carelessly, negligently, intentionally, wantonly, maliciously and/or improperly failed, neglected, omitted and/or refused to carry out the necessary, required and appropriate administrative and/or investigative functions and breached the internal rules and regulations of the New York City Police Department and/or District Attorney's Office.

163. That by reason of the foregoing, the plaintiff KENNETH WILLIAMS, was injured.

164. That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, abuse of process, false arrest, illegal detention, confinement, incarceration and imprisonment on the part of the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or

negligence on the part of the plaintiff contributing thereto.

165.   That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue him usual duties with the same degree of efficiency as prior to this occurrence, all to him great damage.

166.   That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to him good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

167.   That by reason of the foregoing, plaintiff KENNETH WILLIAMS has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION:

168.   That plaintiff repeats, reiterates and realleges each and every allegation as

contained in the First, Second, Third and Fourth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

169.  That on/or prior to the 3rd day of July, 2013, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, obtained and/or secured a warrant to arrest the plaintiff.

170.  That on/or prior to the 3rd day of July, 2013, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, failed to obtain and/or secure a legal, proper and appropriate warrant to arrest the plaintiff.

171.  That on/or prior to the 3rd day of July, 2013, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, carelessly, negligently and illegally obtained and/or secured a warrant to arrest the plaintiff in Richmond County.

172.  That on/or prior to the 3rd day of July, 2013, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, failed to obtain and/or secure a legal, proper and appropriate warrant to arrest the plaintiff in Richmond County.

173.  That on/or prior to the 3rd day of July, 2013, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, carelessly, negligently, wantonly, intentionally, maliciously, illegally, falsely, improperly and wrongfully obtained and/or secured a false, illegal, improper and inappropriate warrant to arrest the plaintiff in Richmond County.

174.   That at all times herein mentioned, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees failed to exercise due and required care and failed to properly, thoroughly and adequately investigate, corroborate, confirm and/or legitimize the credibility of informants and/or information upon which they carelessly, negligently, improperly and erroneously obtained, secured and executed said warrant.

175.   That at all times herein mentioned, the information upon which the defendants carelessly, negligently, improperly and wrongfully obtained, secured and executed said warrant was incorrect.

176.   That at all times herein mentioned, the information upon which the defendants carelessly, negligently, improperly and wrongfully obtained, secured and executed said warrant was repeatedly proven to be incorrect.

177.   That at all times herein mentioned, the defendants failed to properly and adequately promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to obtaining, securing and executing the said warrant.

178.   That at all times herein mentioned, the defendants, their servants, agents, police officers, detectives, district attorney, assistant district attorneys and/or employees, acted in total and wanton disregard for the safety, protection, freedom, civil and constitutional rights of the plaintiff.

179.   That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm,

embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

180.   That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION:

181.   That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth and Fifth Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

182.   That at all times herein related, the defendants conspired and acted in collusion by proclaiming, declaring, charging and accusing the plaintiff of the serious criminal violations of which he was wrongfully accused, imprisoned, incarcerated and maliciously prosecuted.

183.   That at all times herein related, the defendants conspired and acted in collusion in carelessly, negligently, intentionally, maliciously and egregiously creating, recording and filing a false, fraudulent and dishonest report in connection with the arrest, incarceration and prolonged malicious prosecution of the plaintiff.

184.   That at all times herein related, the defendants conspired and acted in collusion by carelessly, negligently, intentionally, maliciously, falsely and egregiously accusing the

plaintiff of conspiring and/or participating in a conspiracy to commit a class A felony, including but not limited to the transportation and possession of firearms, and murder in the second degree.

185.  That at all times herein related, the defendants conspired and acted in collusion in carelessly, negligently, intentionally, maliciously, fraudulently, falsely and egregiously accusing the plaintiff of the serious crimes of Conspiracy in the Second Degree (P.L. 105.15), Conspiracy in the Fourth Degree (P.L. 105.10-1), Criminal Sale of a Firearm in the Third Degree (P.L. 265.11-1), Criminal Possession of a Weapon in the Second Degree (P.L. 265.03-3), Criminal Sale of a Firearm in the Third Degree (P.L. 265.11-4) and Criminal Sale of a Firearm in the Third Degree (P.L. 265.11-2).

186.  That the said conspiracy and collusion by the defendants were solely for the purpose of covering up, denying and/or disclaiming their own negligence and culpability for their egregious failure, neglect and inability to identify the proper individual who committed said crime.

187.  That the said conspiracy and collusion by the defendants were solely for the purpose of covering up, denying and/or disclaiming their own negligence and culpability for the within occurrences and the serious injuries and damages to the claimant.

188. That the defendants herein intentionally, maliciously, wantonly and improperly refused, neglected, conspired and acted in collusion in failing, neglecting and/or refusing to arrest, apprehend and/or discipline the defendant police officers, corrections officers, district attorney, assistant district attorneys, investigators and personnel herein regarding their unconscionable beating, assault, intentional infliction of

physical and emotional harm and abuse of the plaintiff.

189.  That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

190.  That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION:

191.  That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth and Sixth Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

192.  That at all times herein mentioned, the defendants, their servants, agents, employees, police officers, corrections officers, district attorney, assistant district attorneys, investigators, personnel and/or representatives intentionally, wantonly, maliciously and falsely prosecuted the plaintiff for the criminal charges of which they accused him.

193.  That at all times herein mentioned, the defendants, their servants, agents, employees, police officers, corrections officers, district attorney, assistant district attorneys, investigators, personnel and/or representatives intentionally, wantonly and maliciously

prosecuted the plaintiff, as a common criminal, causing and/or compelling him to appear in public and in Court, in Richmond County and in the City and State of New York, and falsely prosecuted the plaintiff.

194.  That the said criminal charges against the plaintiff were dismissed on/or about May 22, 2014, by the Honorable Rienzi, L, a judge of the Supreme Court of Richmond County, terminating the criminal action in favor of the wrongfully accused plaintiff.

195.  That by reason of the foregoing, the arrest and prosecution of the plaintiff was deemed a nullity, and the wrongfully and maliciously accused, imprisoned and prosecuted plaintiff was to be restored, in contemplation of law, to the status occupied before the arrest and prosecution, pursuant to Section 160.60 of the Criminal Procedure Law, and the plaintiff was then discharged from the jurisdiction of the Court into the community.

196.  That by reason of the foregoing, the plaintiff was caused to sustain serious, severe and egregious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

197.  That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION:

198.  That plaintiff repeats, reiterates and realleges each and every allegation as

contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

199.  That at times herein mentioned, it was the duty of the defendants to conduct themselves in a manner which conformed to that certain standard of conduct established by law for the protection of others against unreasonable risk of harm or damage due to harassment, aggravated harassment, libel, libel per se and/or defamation of character.

200.  That at times herein mentioned, it was the duty of the defendants to conduct themselves in a manner which conformed to that certain standard of conduct established by law for the protection of the Civil and Constitutional rights of others.

201.  That at times herein mentioned, it was the duty of the defendants to conduct themselves in a manner which conformed to that certain standard of conduct established by law for the protection of the Civil and Constitutional rights of others against harassment, aggravated harassment, libel, libel per se and defamation of character.

202.  That at times herein mentioned, and commencing approximately July 3, 2013, and/or prior thereto, and continuing through approximately May 23, 2014 and/or subsequent thereto, the defendants engaged in a routine and/or regimen of conduct which was devised and intended to harass, menace, threaten, frighten, seriously injure, libel, defame, denigrate, dishonor, humiliate, imperil, ridicule and damage the plaintiff.

203.  That at times herein mentioned, and commencing approximately July 3, 2013, and/or prior thereto, and continuing through approximately May 23, 2014 and/or subsequent thereto, the defendants engaged in a routine and/or regimen of conduct which

was devised, intended to and did effectively place the life, liberty, freedom and very existence of the plaintiff in a position of extreme danger.

204.  That at times herein mentioned, and commencing approximately July 3, 2013, and/or prior thereto, and continuing through approximately May 23, 2014 and/or subsequent thereto, the defendants intentionally, wantonly, maliciously and illegally engaged in a relentless routine and/or regimen of conduct which

was devised, intended to and did effectively place the life, liberty, freedom and very existence of the plaintiff in a position of extreme danger.

205.  That at times herein mentioned, and commencing approximately July 3, 2013, and/or prior thereto, and continuing through approximately May 23, 2014 and/or subsequent thereto, the defendants did produce, re-produce, publish, disseminate, distribute and/or cause to be disseminated, within the police department, district attorneys office, department of corrections, and various public Courthouses, police precincts and in the community, false information, statements, documents, indictments and accusations that the plaintiff was involved in the murder and/or conspiracy to murder a gang member.

206.  That at times herein mentioned, the defendants specifically and intentionally made it known that the plaintiff was in custody on suspicion of murdering a gang member.

207.  That by reason of the foregoing, the plaintiff's life was seriously threatened upon his discharge from custody.

208.  That by reason of the foregoing, the plaintiff's life was seriously threatened by gang members upon his discharge from custody.

209.  That by reason of the foregoing, the plaintiff's life was seriously threatened by

gang members who murdered his brother for charges brought against him in conjunction with the same crime of which the plaintiff was accused.

210. That by reason of the foregoing, the plaintiff was compelled to flee his home and community and live his life as a fugitive in an attempt to avoid serious real threats against his life by gang members who murdered his brother for charges brought against him in conjunction with the same crime of which the plaintiff was accused.

211. That by reason of the foregoing, the plaintiff has been seriously, severely and permanently injured and damaged in his good name, character, credit and reputation, has been placed in a position of permanent fear for his life, humiliated, ridiculed, denigrated, dishonored, denigrated, threatened, frightened, seriously injured, alarmed, damaged and subjected to extreme scorn, contempt and derision in the community, and among his friends, associates, colleagues, employers and family.

212. That by reason of all of the foregoing, the plaintiff has been subjected to extreme suffering in mind and body and has been caused to suffer extreme emotional anguish, depression and distress, public embarrassment, humiliation, contempt, ridicule, scorn, derision and disgrace, has been made an object of public comment, derision, mockery and disgrace, seriously injured and damaged in his personal and vocational capacity, and has been extremely injured and damaged.

213. That by reason of the foregoing, the plaintiff has incurred and in the future will necessarily incur further medical expenses and/or special damages in an effort to be cured and/or relieved of said injuries and damages; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from education and/or

employment; and plaintiff will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

214. That by reason of all of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A NINTH CAUSE OF ACTION:

215. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

216. That the defendants herein carelessly, negligently, wrongfully, wantonly, intentionally and maliciously targeted the plaintiff in an act of racial profiling, in connection with the accusations, charges, arrest, detention, imprisonment, assault, malicious prosecution, libel and egregious malicious conduct due to his race.

217. That the said discriminatory actions and racial profiling on the part of the defendants herein, their agents, servants, police officers, employees and/or representatives, unfairly discriminated against individuals of color and/or ethnicity in violation of Federal Civil Rights Laws, the Constitutions of the United States and of New York State.

218. That by reason of the foregoing, the plaintiff has suffered severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of

this action.

## AS AND FOR A TENTH CAUSE OF ACTION:

219.    That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

220.   That at all times herein mentioned, the defendants relentlessly and egregiously failed and refused to provide for the safety, security and protection of the plaintiff.

221.   That at all times herein mentioned, the said  defendants negligently failed to prevent the within incidents of extraordinary violence and intentional infliction of physical and emotional distress by police officers, corrections officers, district attorneys, assistant district attorneys, investigators and/or personnel who were acting within the course and scope of their employment for the said defendants herein.

222.   That by reason of the foregoing, the plaintiff was injured.

223.   That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, negligent hiring, retention, training and supervision on the part of the defendants inducing and permitting a failure to provide for the safety, security and protection, lack of supervision and wanton and willful disregard on the part of the defendants, and without any negligence on the part of the plaintiff contributing thereto.

224.   That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would

otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION:

225.    That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

226.    That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1981, 1983, 1985, 1986 and 1988), the Civil Rights Act, and arising under the law and statutes of the State of New York.

227.    Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

228.    That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION:

229. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

230. That at all times herein mentioned, it was the duty of the defendants to select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

231. That at all times herein mentioned, it was the duty of the said defendants to sufficiently hire, train and retain personnel in such manner as to sufficiently discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of their servants, agents, police officers, corrections officers, district attorney, assistant district attorneys, investigators, employees and/or personnel.

232. That by reason of the negligence of the said defendants in their hiring, monitoring, supervision and retention of said defendant personnel with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the defendants' breach of said duties, the plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of the plaintiff in any way contributing thereto, thereby causing him extreme physical, mental

and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

233.  That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

<u>AS AND FOR A THIRTEENTH CAUSE OF ACTION:</u>

234.  That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

235.  That at all times herein mentioned, the defendants had an affirmative duty to intercede when a person's, including the plaintiff's, constitutional rights were being violated in defendants' witnessed presence by use of excessive force.

236.  That at all times herein mentioned, the defendants had an affirmative duty to intercede and prevent the further, continuing and unremitting violation of a person's, including the plaintiff's, constitutional rights resulting in further serious injuries caused as a result of said failure.

237.  That at all times herein mentioned, the defendants had an affirmative duty to intercede when a person's, including the plaintiff's, constitutional rights were being violated in defendants' witnessed presence by falsifying evidence of probable cause to arrest the plaintiff.

238.  That at all times herein mentioned, the defendants intentionally, illegally, maliciously and egregiously breached and violated their affirmative duty to intercede when a the plaintiff's civil and constitutional rights were being violated in defendants' witnessed presence by use of excessive force.

239.  That at all times herein mentioned, the defendants, intentionally, illegally, maliciously and egregiously breached and violated their affirmative duty to intercede and prevent the further, continuing and unremitting violation of the plaintiff's civil and constitutional rights resulting in further serious injuries caused as a result of said failure.

240.  That at all times herein mentioned, the defendants intentionally, illegally, maliciously and egregiously breached and violated their affirmative duty to intercede when the plaintiff's civil and constitutional rights were being violated in defendants' witnessed presence by falsifying evidence of probable cause to arrest the plaintiff.

241.  That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION:

242. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

243.  That the defendants herein failed, neglected, omitted and refused to report and

correct, rectify and/or discontinue the misconduct, improprieties, violations and malfeasance of the defendant police officers and personnel herein.

244. That the defendants herein intentionally, wantonly, negligently and maliciously conspired and acted in collusion in failing, neglecting, omitting and refusing to report, rectify and/or discontinue the misconduct, improprieties, violations and malfeasance of the defendant police officers and personnel herein.

245. That the defendants herein intentionally, wantonly, negligently and maliciously constructed and maintained a Blue Wall of Silence in failing, neglecting, omitting and refusing to report, rectify and/or discontinue the misconduct, improprieties, violations and malfeasance of the defendant police officers and personnel herein, in violation of 42 U.S.C. 1985.

246. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION:

247. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

248. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the

plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983, 1985, 1986 and 1988) and arising under the law and statutes of the State of New York.

249.   That the defendants have a custom or policy of using excessive force on minorities.

250.   That the said defendants custom or policy of using excessive force on minorities can be inferred from the facts and circumstances surrounding cases like <u>Cardozo v. City of New York,</u> Supreme Court, (C) County, Index No. 307977-2008, <u>Ferguson v. City of New York</u>, Supreme Court, (C) County, Index No. 18951-2001, <u>Juanita Young v. City of New York</u>, Supreme Court, (C) County, Index No. 301162-2007, <u>Martire v. City of New York</u>, Supreme Court, New York County, Index No. 106827-2008 and other similar excessive force, civil rights actions that have been brought against defendant THE CITY OF NEW YORK.

251.   That the deprivation of plaintiff's constitutional rights was the result of defendant THE CITY OF NEW YORK's custom or policy of using excessive force on minorities.

252.   That the defendant THE CITY OF NEW YORK has a custom or policy of falsely arresting innocent persons in order to meet productivity goals and quotas.

253.   That the defendant THE CITY OF NEW YORK's custom or policy of falsely arresting innocent persons in order to meet productivity goals and quotas can be inferred from the facts and circumstances surrounding cases like <u>Schoolcraft v. City of New York</u>, United States District Court, Southern District of New York, Index No. 10 CV 06005, and

other similar false arrest, unconstitutional quota civil rights actions that have been brought against defendant THE CITY OF NEW YORK.

254.  That the defendant THE CITY OF NEW YORK's custom or policy of improper stops, searches, strip-searches and seizures can be inferred from the facts and circumstances surrounding cases like <u>Preston v. City of New York</u>, Supreme Court, (C) County, 493-2008, <u>People v. William Eiseman</u>, and other similar illegal search and seizure civil rights actions that have been brought against defendant THE CITY OF NEW YORK and from defendant THE CITY OF NEW YORK's UF-250 and CCRB data.

255.  That at all times herein mentioned, the defendants carelessly, negligently, intentionally, wantonly, deliberately, unscrupulously, immorally and unequivocally protected, disconnected, shielded and isolated police officers, administrators and precincts, including the defendants herein, from liabiltly, culpability and accountablility for their ongoing, intentional, malicious, deplorable, evolving and expanding custom, protocol and regimen of notorious, disgraceful and appalling violations of constitutional and civil rights, liberty and freedom by virtue of creating and maintaining a blue wall and code of silence among police officers, administrators and precincts, at the policy making level, even in their intentional, wanton and dissolute failure, neglect and refusal to properly and adequately investigate, discipline, suspend, terminate, expel, demote, dismiss and/or reassign such police officers, including the defendants herein, in response to the increasingly large numbers of civil rights claims, lawsuits, dismissals, declined prosecutions, City Council hearings, newspaper and tv reports and complaints against THE CITY OF NEW YORK for said continually expanding custom and regimen of

unreasonable and unconscionalbe use of excesive, unnecessary, unwarranted and egregious force, false arrest, imprisonment, malicious prosecution, violence, and savage brutality by said police officers, thereby creating, condoning, sanctioning, sustaining, promoting, encouraging and fostering such climate, custom, practice, policy and regimen of increasingly outrageous misconduct, lies, falsification, corruption and abuse, all with deliberate indifference, without fear of reprisal, for the public safety, protection and well-being.

256.   That the deprivation of plaintiff's constitutional rights was the result of defendant THE CITY OF NEW YORK's custom or policy of performing improper stops, searches, strip-searches and seizures.

257.   That by reason of all of the foregoing, the plaintiff suffered serious injury due to the deprivation of plaintiff's rights under the Constitution, created by a deliberate indifference to the plaintiff's rights, by policy-level decision on the part of the defendant THE CITY OF NEW YORK to act, or fail to act.

258.   That the defendant THE CITY OF NEW YORK engaged in a policy, regimen, routine or custom of deliberate indifference so widespread and ingrained as to "have the force of law."

259.   That by reason of all of the foregoing, the plaintiff suffered serious injury due to the deprivation of rights under the Constitution, created by such regimen, routine and custom of deliberate indifference to the plaintiff's rights, by policy-level decision on the part of said defendant THE CITY OF NEW YORK to act, or fail to act.

260.   That by reason of all of the foregoing, the  plaintiff brings a <u>Monell</u> Claim for

serious injury and damages he suffered as a result of the deliberate indifference and

heightened level of culpability on the part of the defendants THE CITY OF NEW YORK

and NEW YORK CITY POLICE DEPARTMENT.

### JURY DEMAND

261.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial

by jury.

**WHEREFORE**, plaintiff demands a jury trial.

**WHEREFORE**, plaintiff demands judgment against the defendants, in the

amount of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action, together

with the costs and disbursements of this action, and with interest from the date of this

occurrence.

Dated: August 13, 2015
        Mineola, New York

Yours, etc.,
WEITZPASCLAE

Andrew L. Weitz, Esq.
AW0026
Attorney for Plaintiff
221 Mineola Blvd.
Mineola, NY 11501
(212) 553-9300

{00044475:}

## <u>VERIFICATION</u>

**ANDREW L. WEITZ**, an attorney duly admitted to practice before the Courts of this State, affirms the following to be true pursuant to CPLR R. 2106:

I am Of Counsel to **WEITZPASCALE** attorneys for the plaintiff in the instant action; that I have read the foregoing Complaint and the contents thereof are true to your Affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters your Affirmant believes them to be true.

The reason this verification is made by Affirmant and not by plaintiff is that the plaintiff is not presently in the County in which plaintiff's attorneys maintain their office.

The source of Affirmant's information and the grounds of my belief are communications, papers, reports and investigations contained in this file.

Dated:  New York, New York
         August 13, 2015

Andrew Weitz, Esq.

UNITED STATES DISTRICT COURT

for the

eastern District of New York

==================================================

### KENNETH WILLAMS

#### -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE JEFFREY AUST (shield #6503), POLICE OFFICERS "JOHN DOE
and JANE DOE 1-10" said names being fictitious and presently unknown,
persons intended being police officers, sergeants, detectives and personnel of
THE CITY OF NEW YORK and/or NEW YORK CITY POLICE
DEPARTMENT, RICHMOND COUNTY DISTRICT ATTORNEY'S OFFICE,
"JOHN ROE" and "MARY ROE 1-10", said names being fictitious and
presently unknown, persons intended being assistant district attorneys
and/or personnel of the RICHMOND COUNTY DISTRICT ATTORNEY'S
OFFICE, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS,
"JAMES DOE and MARY DOE 1-10", said names being fictitious and
presently unknown, persons intended being corrections officers and/or
personnel of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS,

---

## VERIFIED COMPLAINT

---

### WEITZPASCALE

*Attorneys for Plaintiff*
**221 Mineola Boulevard**
**Mineola, New York 11501**
**Tel: (212)553-9300**

---

#### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a

Andrew L. Weitz, hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the foregoing
_____ is not frivolous, nor frivolously presented.

Dated:  Mineola, New York

_____          _____
                                    ANDREW L. WEITZ

---

## WEITZPASCALE
ATTORNEYS FOR PLAINTIFF(S)